1
2
3
4
5
6
7           IN THE UNITED STATES DISTRICT Court
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                 SAN JOSE DIVISION
10  MECHANICAL MARKETING, INC.,          CASE NO. 5:CV 11-01844 EJD

11          Plaintiff,                   **ORDER DENYING: (1) DEFENDANT'S
         v.                              MOTION TO DISMISS; AND (2)
12                                       PLAINTIFF'S MOTION TO REMAND**
    SIXXON PRECISION MACHINERY CO.,
13  LTD.,                                [RE: Docket Item Nos. 7, 16, 19]

14          Defendant.

15  _____/

16                    **I.  INTRODUCTION**

17          Presently before the court are two motions: (1) Motion to Dismiss filed by Defendant Sixxon

18  Precision Machinery Co., LTD. ("Defendant" or "Sixxon"); and (2) Motion to Remand filed by

19  Plaintiff Mechanical Marketing, Inc. ("Plaintiff").  Defendant moves to dismiss this action under

20  Federal Rule of Civil Procedure 12(b)(5), contending that service of process was not properly made.

21  Plaintiff seeks to remand this action to state court on the grounds that Defendant's Notice of

22  Removal was untimely.  After carefully considering the arguments set forth by all parties, both

23  motions are DENIED.[1]

24                    **II.  BACKGROUND**

25          On November 9, 2010, Plaintiff filed a complaint in the Superior Court of California for

26  Santa Cruz County, Case No. CV169403 ("State Court Action"), seeking damages for alleged

27  _____

28          [1]  This disposition is not designated for publication in the official reports.

CASE NO. 5:CV 11-01844 EJD
ORDER DENYING: (1) DEFENDANT'S MOTION TO DISMISS; AND (2) PLAINTIFF'S MOTION TO REMAND

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  breach of contract, breach of the covenant of good faith and fair dealing, and violation of the

2  Independent Wholesale Sales Representative's Act (Civil Code § 1738.10 et seq.).  See Docket Item

3  No. 1.

4        To serve the summons and complaint upon Defendant, Plaintiff utilized two methods:  (1)

5  direct service on Defendant's offices in Taiwan; and (2) service by letters rogatory.  See Docket

6  Item No. 38.  For the first method of service, Plaintiff hired a Taiwanese attorney, Shao Lun Chen,

7  to personally serve the summons and complaint upon Defendant's offices.  See Docket Item No. 36.

8  Mr. Chen states that when he arrived at Defendant's office at 3 Yu 3 Road, he was met at the gate of

9  the facility by a security service person.  Id.  At that time, Mr. Chen explained that he was

10  attempting to serve papers on Defendant.  Id.  The security guard refused to let Mr. Chen access the

11  facility, so he allegedly left the summons and the complaint with the guard.[2]  Id.  Thereafter, Mr.

12  Chen filled out the affidavit for service of process, indicating that he had made service on December

13  8, 2010.  See Docket Item No. 19-2.  Plaintiff filed the proof of service in the State Court Action,

14  purporting to effect "personal" service upon "security service personnel" of Defendant.  Id.

15        Defendant did not learn of Plaintiff's lawsuit until late February or early March, 2011, when

16  eighteen deposition subpoenas were served on its existing customers.  See Docket Item No. 1-1.

17  Defendant immediately contacted counsel and specially appeared in the State Court Action, filing a

18  Motion to Quash to contest the validity of Plaintiff's service of process.  Id.  Once Defendant filed

19  the Motion to Quash, Plaintiff began to characterize its December 8, 2010 attempt at personal

20  service as "substitute service," thereafter mailing the summons and complaint to Defendant's

21  offices.  Id.; Opposition to MTR at 6.  Plaintiff mailed the summons and complaint to Defendant

22  using two different methods on two occasions:  (1) by express mail (DHL) on March 3, 2011, and

23  (2) by first class mail, postage prepaid, on March 23, 2011.  MTR at 5.

24

25

26        [2]  Defendant tells a different story.  According to evidence presented by Defendant, no
person identifying himself or herself as a "process server" ever visited Sixxon's office at 3 Yu 3
Road Youth Industrial Park, as indicated in the "proof of service."  See Docket Item No. 19-3, ¶ 7.

27  Rather, during December 2010, a gentleman on a motorcycle dropped some court documents on the
ground outside a different location -- at 6 Yu 3 Road -- after being informed by a security guard that

28  they were not authorized to accept delivery of the documents.  Id., ¶ 8.

CASE NO. 5:CV 11-01844 EJD
ORDER DENYING: (1) DEFENDANT'S MOTION TO DISMISS; AND (2) PLAINTIFF'S MOTION TO REMAND

1    On April 5, 2011, Defendant filed a Notice of Removal to remove the State Court Action to

2 this court.  See Docket Item No. 1.  In its removal papers, Defendant specially appeared and

3 contested Plaintiff's method of service, arguing that personal service upon security personnel was

4 insufficient under California Code of Civil Procedure Section 416.10.  Id.

5    On April 22, 2011, Defendant once again specially appeared and filed a Motion to Dismiss

6 ("MTD"), pursuant to Federal Rule of Civil Procedure 12(b)(5), on the ground that it had not been

7 properly served with the summons and complaint.  See Docket Item Nos. 7, 15.  In response to the

8 Motion to Dismiss, Plaintiff filed an Opposition (See Docket Item No. 21) and the Declaration of

9 Michael G. Ackerman ("Ackerman Decl.").  See Docket Item No. 38.  Attached to the Ackerman

10 Declaration was proof that Defendant was served by letters rogatory on May 18, 2011.

11    On May 13, 2011, Plaintiff filed a Motion to Remand ("MTR"), contending that Defendant's

12 Notice of Removal was untimely filed more than thirty days after service was effectuated.  See

13 Docket Item No. 16.

### III.  LEGAL STANDARD

**A.    Rule 12(b)(5)**

16    Where the effectiveness of service is contested by a Rule 12 motion, the burden is on the

17 plaintiff to establish validity.  Emine Tech. Co. v. Aten Int'l Co., No. CV 08–3122 PJH, 2008 WL

18 5000526, at *2 (N.D. Cal. Nov. 21, 2008).  Plaintiff normally meets this burden by producing the

19 process server's return of service.  Id.  That return is generally accepted as prima facie evidence that

20 service was effected, and of the manner in which it was effected.  Id.

21    Unless some defect in service is shown on the face of the return, a motion to dismiss under

22 Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible

23 evidence establishing the lack of proper service.  Id.  In response, the plaintiff must provide evidence

24 showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to

25 resolve.  Id.  If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain

26 the action and simply quash the service.  Id.

**B.    28 U.S.C. § 1446(b)**

28    Title 28, section 1446(b) of the United States Code provides, in part, that a "notice of

*United States District Court*
*For the Northern District of California*

3

removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  The thirty-day removal period begins only when a defendant is formally served with a copy of the complaint.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999).  If the removal notice fails to meet the procedural requirements of section 1446(b), the court may remand the action pursuant to timely motion by the plaintiff.  McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000).

## IV. DISCUSSION

**A.**     **Motion to Dismiss**

Defendant argues that this action should be dismissed due to Plaintiff's unsuccessful attempt at personal service on December 8, 2010, and after-the-fact mailing to effect substituted service. MTD at 3-10.  Plaintiff counters that service of process was effected by letters rogatory on May 18, 2011, rendering Defendant's motion "moot" at this time.  Ackerman Decl., ¶ 6.

When a Defendant contests the validity of service by a Rule 12 motion, the plaintiff bears the burden of establishing that service was valid.  Emine Tech. Co., No. CV 08–3122 PJH, 2008 WL 5000526, at *2.  The Court finds that Plaintiff has met its burden of establishing validity of service on May 18, 2011.  The documents attached to the Ackerman Declaration (Docket Item No. 38), along with the letter filed by the Superior Court of California for Santa Cruz County (Docket Item No. 40), are prima facie evidence that service was effected by letters rogatory.  See id.  Because Defendant now has been properly served, the Court is not concerned with any prior deficiencies in service.  Accordingly, Defendant's Motion to Dismiss is DENIED AS MOOT.

**B.**     **Motion to Remand**

Plaintiff seeks to remand this action to state court on the grounds that Defendant's Notice of Removal was untimely.  See Plaintiff's Reply to Opp'n to Motion to Remand ("Reply") (Docket Item No. 37), at 5.  Defendant contends that removal was timely, as formal service of process was not effected before the matter was removed to this Court.  See Response to Ackerman Decl ("Response") (Docket Item No. 39), at 2-3.

A court may remand an action to state court if a removal notice fails to meet the procedural

4

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   requirements of 28 U.S.C. § 1446(b).  McAnally Enterprises, Inc., 107 F. Supp. 2d at 1226.  Title 28

2   section 1446(b) provides that: "notice of removal of a civil action or proceeding shall be filed within

3   thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

4   pleading setting forth the claim for relief upon which such action or proceeding is based."  It is well-

5   established that the thirty-day removal period begins only when a defendant is formally served with

6   a copy of the complaint.  Murphy Bros., Inc., 526 U.S. at 353-54.  Thus, the court must analyze

7   whether service was effected more than thirty days before the April 5, 2011 removal.

8        The laws of the state in which service was effected prior to removal govern challenges to the

9   sufficiency of service of process.  Fed. R. Civ. P. 81(c)(1) (Federal Rules of Civil Procedure "apply

10  to a civil action after it is removed from a state court"); Lee v. City of Beaumont, 12 F.3d 933,

11  936-37 (9th Cir. 1993) ("The issues of the sufficiency of service of process prior to removal is

12  strictly a state law issue. . . ."), overruled on other grounds, California Dept. of Water Resources v.

13  Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008).  The crux of Plaintiff's Motion to Remand is

14  that service of process was effectuated more than thirty days prior to removal.  Thus, the court will

15  apply California law to determine whether that service of process was valid.[3]

16       In its Motion to Remand, Plaintiff makes no argument that personal service was effected by

17  Mr. Chen.  However, in the State Court Action, Plaintiff's counsel filed a Proof of Service,

18  purporting to have effected "personal service" on Defendant on December 8, 2010.  See Docket Item

19  No. 19-2.  Furthermore, Mr. Chen's Affidavit regarding service of process states that "[s]ervice

20  upon Sixxon Precision Machinery Co., Ltd. Taiwan, was accomplished by delivering the [summons

21  and complaint] personally and in person."  Id. at 4, Affidavit dated December 14, 2010.  Given this

22  language and Plaintiff's prior characterization of the service as "personal," the court will analyze the

23  validity of both personal service and substituted service.

24       1.   Personal Service

25       California Code of Civil Procedure ("C.C.P.") Section 416.10, authorizes personal service

26

27  _____

28       [3]   Since Taiwan is not a signatory to the Hague Convention, the provisions of the
Convention do not apply here.  See  Emine Tech. Co., No. CV 08–3122 PJH, 2008 WL 5000526, at
*3; In re Air Crash at Taipei, Taiwan on October 31, 2000, 211 F.R.D. 374, 380 (C.D. Cal. 2002).

CASE NO. 5:CV 11-01844 EJD
ORDER DENYING: (1) DEFENDANT'S MOTION TO DISMISS; AND (2) PLAINTIFF'S MOTION TO REMAND

United States District Court

For the Northern District of California

1   upon a corporation only by serving a copy of the summons and complaint "[t]o the president, chief

2   executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary,

3   a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a

4   person authorized by the corporation to receive service of process."  C.C.P. § 416.10(b).

5       In this case, Mr. Chen left a copy of the summons and complaint with "security service

6   personnel" at the entrance of a multi-office facility.  The Code does not permit personal service of a

7   corporate defendant by leaving a copy of the summons and complaint with a "security guard" or

8   "security service personnel."  Moreover, Plaintiff does not dispute that service upon "security

9   service personnel" is not an enumerated method to effectuate personal service.  Opposition to

10  Motion to Dismiss, Docket Item No. 21, at 6.  Because Mr. Chen did not comply with the

11  requirements of Section 416.10, the Court finds that Plaintiff did not properly effectuate personal

12  service upon Defendant.

13          2.    Substituted Service

14      Plaintiff contends that Defendant was served by substituted service on March 13, 2011.  It is

15  Plaintiff's position that once the summons and complaint was delivered to the security guard at

16  Defendant's Taiwan office, substituted service could be effectuated by thereafter mailing a copy of

17  the summons and complaint to Defendant.  Plaintiff relies on California Code of Civil Procedure

18  Section 415.20(a), which requires, in part, that the summons and complaint be left "with the person

19  who is apparently in charge" of the "office" of "the person to be served as specified in Section

20  416.10."  In other words, the summons and complaint must be left with the person apparently in

21  charge of the office of an individual listed in Section 416.10.

22      There is no dispute that Mr. Chen was not at or in Sixxon's office, but rather "at the gate" of

23  a facility, where he was met "by a woman acting as a security service person."  See Docket Item No.

24  36-1.  There is no evidence that this alleged "security service personnel" was also "the person . . .

25  apparently in charge of the office of [Defendant]"; nor is there evidence that the process server took

26  any steps to determine the same.  In fact, the security guard at 6 Yu 3 Road[4] is not an employee,

27  _____

28      [4]  See footnote 2, above, regarding the discrepancy between Defendant' address and the
    location where Mr. Chen attempted personal service.

CASE NO. 5:CV 11-01844 EJD
ORDER DENYING: (1) DEFENDANT'S MOTION TO DISMISS; AND (2) PLAINTIFF'S MOTION TO REMAND

United States District Court

For the Northern District of California

1    representative or agent of Defendant, but is employed by an outside service.  See MTD at 2.

2        Nevertheless, Plaintiff contends that service on a security/gate guard for a multi-office

3    building is valid "substitute service" under Section 415.20, as interpreted in Bein v. Brechtel-Jochim

4    Group, Inc., 6 Cal. App. 4th 1387 (1992).  Reply at 4-5.  In Bein, the California Court of Appeal

5    held that service of a summons and complaint on a gate guard at a gated community met the

6    requirements of Section 415.20(b), when plaintiff mailed copies of the summons and complaint to

7    defendants' residence after being denied access to the area by the gate guard on three separate

8    occasions.  Id. at 1390-94.

9        The court finds Bein inapposite for several reasons.  First, substitute service under Section

10   415.20 is only permitted after reasonably diligent efforts at personal service have been made.

11   Burchett v. City of Newport Beach, 33 Cal. App. 4th 1472, 1477 (1995).  Ordinarily, that

12   requirement is met by "two or three attempts at personal service at a proper place."  Espindola v.

13   Nunez, 199 Cal. App. 3d 1389, 1392 (1998) (citation omitted); Stafford v. Mach, 64 Cal. App. 4th

14   1174, 1182 (1998).  In Bein, as well as other cases, the process server made at least three attempts at

15   personal service before resorting to substitute service.  See Bein, 6 Cal. App. 4th at 1390 (three

16   attempts); Espindola v. Nunez, 199 Cal. App. 3d at 1390 (four attempts); Stafford v. Mach, 64 Cal.

17   App. 4th at 1182 (six attempts).  Here, when Mr. Chen was met at the gate of the facility and refused

18   access by the security guard, he simply informed the guard of the contents of the documents and left

19   them with her.  Neither Mr. Chen, nor any other process server of Plaintiff, made further attempts to

20   serve Defendant or gain access to Defendant's office, most likely because Mr. Chen believed he had

21   effectuated personal service by leaving the documents with the guard.  See Docket Item No. 19-2

22   (indicating completion of personal service).  The court finds that Mr. Chen's single attempt at

23   personal service, without any further efforts, falls short of the "reasonable diligence" required for

24   substituted service under Section 415.20.

25       Second, Plaintiff's mailing of the summons and complaint in this case is quite different from

26   the mailing in Bein.  There, the plaintiff's agent mailed copies of the summons and complaint to the

27   defendants' residence within a few days, and the declaration of attempted service was timely filed,

28   along with the proof of service of summons and complaint.  Bein, 6 Cal. App. 4th at 1391.  In this

7

United States District Court

For the Northern District of California

case, however, Plaintiff did not mail the summons and complaint to Defendant's office until nearly three months after the unsuccessful attempt at personal service was made.[5]  Interestingly enough, Plaintiff took no action to "complete" its substitute service until it received Defendant's Motion to Quash in the State Court Action, attacking the defective claim of personal service.  Opposition to MTR at 6.  Although Section 415.20 does not specify a time limit for subsequent mailing to complete substituted service, the court finds the three-month delay to be unreasonable here.

Third, unlike in <u>Bein</u>, the Defendant here did not receive actual notice of Plaintiff's attempted service for several months.  <u>See</u> Docket Item No. 1-1.  Indeed, Defendant did not learn of the lawsuit until late February or early March 2011, when eighteen deposition subpoenas were served on its existing customers.  <u>Id.</u>  Defendant immediately contacted counsel and served a Motion to Quash upon Plaintiff.  <u>Id.</u>  As mentioned above, it was not until Defendant filed the Motion to Quash that Plaintiff mailed the summons and complaint to Defendant's offices and began to characterize its service as "substitute."  <u>Id.</u>; Opposition to MTR at 6.

Finally, Plaintiff admittedly did not know whether Sixxon's company president, Eddy Lin, maintained his office in the building where Lin attempted personal service.  According to Plaintiff, Defendant maintains two addresses for its offices in Taiwan: "3 Yu 3 Road" and "6 Yu."  <u>See</u> Transcript of Proceedings Held on September 8, 2011 ("Hearing Transcript") at 12:9-17; 14:11-20. At oral argument, Plaintiff said that it is "not absolutely certain which [of Defendant's buildings] has the offices and which . . . has the facilities. . . . Because there's two buildings . . . and there's no indication where [Eddy Lin] is."  Hearing Transcript at 12:11-13; 14:14-17.  This concession undermines Plaintiff's argument that the security guard at "3 Yu 3 Road" was the person apparently in charge of Eddy Lin's office.

For all of these reasons, the court finds that Plaintiff did not effect substituted service on Defendant.  Because Plaintiff failed to properly serve Defendant in the underlying State Court

---

[5]    The "mailings" were made on March 3, 2011 and March 23, 2011; two months after the proof of service was filed in the State Court Action, and three months after the defective personal service.

8

United States District Court

For the Northern District of California

1   action,[6] the 30 day period under 18 U.S.C. § 1446(c) was not triggered to preclude Defendant's

2   removal of this action.  Accordingly, Plaintiff's Motion to Remand is DENIED.

3   **C.      Entry of Default**

4           It appears that the Ackerman Declaration seeks an entry of default against Defendant on the

5   basis that Defendant did not answer the complaint within twenty-one days of service by letters

6   rogatory.  Ackerman Decl., ¶ 6.  Plaintiff's request is both procedurally and substantively improper.

7   The request was not raised by noticed motion, and case law makes clear that no default may be

8   entered while a motion to dismiss is pending.  See Fed. R. Civ. P. 55 (providing that a default can be

9   entered against a party only where that party "has failed to plead or otherwise defend"); see also

10  Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir.

11  1988); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003) (no default may be entered while

12  motion to dismiss pending); Pangelinan v. Wiseman, 370 Fed. Appx. 818, 820 (9th Cir. 2010)

13  (default properly denied where motion to dismiss was filed);  Pathak v. Omaha Steaks Intern., Inc.,

14  No. CV 10–7054 RSWL, 2011 WL 2939705 at *3 (C.D. Cal. July 21, 2011 ) ("As motions to

15  dismiss constitute an effort to defend an Action, the Court finds that default judgment cannot be

16  entered here against Defendant.").  Accordingly, the Court will not entertain Plaintiff's request for

17  entry of default.

18  **D.      Sanctions**

19          To the extent the Ackerman Declaration is construed as a request for sanctions under Rule

20  11, it is both procedurally and substantively improper.  Indeed, "Rule 11 is an extraordinary remedy,

21  one to be exercised with extreme caution.  Such sanctions can have an unintended detrimental

22  impact on an attorney's career and personal well-being."  Conn v. Borjorquez, 967 F.2d 1418, 1421

23  (9th Cir. 1992) (citation omitted).  Plaintiff makes its request within a paragraph of a declaration

24  rather than a legally-supported motion, which runs directly afoul of Rule 11's mandate.  Fed. R. Civ.

25  P. 11(c)(2) (a Rule 11 motion "must be made separately from any other motion and must describe

26  the specific conduct that allegedly violates Rule 11(b)").  Moreover, Plaintiff's request was made

27  _____

28          [6]   Service of process by letters rogatory was effected *after* removal, but is not relevant for
    purposes of the Motion to Remand.

                                                    9

after the pending motions had been fully briefed, in disregard of Rule 11's due process notice requirements.  For these reasons, the Court will not consider Plaintiff's apparent request to impose Rule 11 sanctions.

## V.  CONCLUSION

For the foregoing reasons, the court: 1) DENIES Defendant's Motion to Dismiss; and 2) DENIES Plaintiff's Motion to Remand.

IT IS HEREBY ORDERED that a Case Management Conference will be held in this matter before the Honorable Edward J. Davila on **November 4, 2011 at 10:00 a.m.** in Courtroom No. 1, 5th Floor, 280 S. First Street, San Jose, California.  On or before **October 28, 2011** the parties shall file a joint case management conference statement.

**IT IS SO ORDERED.**

Dated:  October 6, 2011

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:CV 11-01844 EJD
ORDER DENYING: (1) DEFENDANT'S MOTION TO DISMISS; AND (2) PLAINTIFF'S MOTION TO REMAND