**WANG, HARTMANN, GIBBS & CAULEY, PLC**
John van Loben Sels (State Bar No. 201354)
jvanlobensels@whgclaw.com
Kenneth A. Ohashi (State Bar No. 230440)
kohashi@whgclaw.com
2570 West El Camino Real, Suite 440
Mountain View, California 94040
Telephone Number: (650) 209-1230

**Attorney for Defendant/Counter-claimant,
SIXXON PRECISION MACHINERY CO., LTD..**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIXXON PRECISION MACHINERY CO., LTD.,<br><br>Defendant. | **CASE NO. 5: CV 11-01844 EJD PSG**<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR PROTECTIVE ORDER** |

    Defendant/Counter-claimant Sixxon Precision Machinery Co., Ltd., Plaintiff/Counter-defendant Mechanical Marketing, Inc., and Counter-defendants Arnold Dolgins and Carol Dolgins, by and through their respective counsel, have stipulated to a Stipulated Protective Order. They hereby file this stipulation regarding the Stipulated Protective Order. The Stipulated Protective Order is attached hereto as **Exhibit "1"**.

**1**
**STIPULATION AND [PROPOSED] ORDER FOR PROTECTIVE ORDER**

# EXHIBIT 1

EXHIBIT 1

**WANG, HARTMANN, GIBBS & CAULEY, PLC**
John van Loben Sels (State Bar No. 201354)
jvanlobensels@whgclaw.com
Kenneth A. Ohashi (State Bar No. 230440)
kohashi@whgclaw.com
2570 West El Camino Real, Suite 440
Mountain View, California 94040
Telephone Number: (650) 209-1230

**Attorney for Defendant/Counter-claimant,
SIXXON PRECISION MACHINERY CO., LTD..**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIXXON PRECISION MACHINERY CO., LTD.,<br><br>Defendant. | **CASE NO.  5: CV 11-01844 EJD PSG**<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect only documents, materials, items, or information that materially consist of information that is lawfully entitled to confidential treatment under the Federal Rules of Civil Procedure, including but not limited to commercially sensitive financial records of parties or third parties and employment or personnel files of third parties to this action.

2. As a general guideline, "Confidential Information" shall be used to designate those things that may be disclosed to the parties for the purposes of this litigation, but which must be protected against disclosure to third parties including documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information. Absent a specific order by the Court, once designated as "Confidential," such information shall be used by the parties solely in connection with this litigation, and not for any business or competitive purpose or function, and such information shall not be disclosed to anyone except provided herein.

3. Absent written agreement of the designating party or a specific order by the Court, once designated as "Confidential- Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business or competitive purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 and General Order 62. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.

5. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a receiving party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the receiving party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

6. Parties submitting purportedly Confidential Information to the Court shall endeavor in good faith to restrict their filings or other submissions to Confidential Information that is

1 reasonably necessary for the Court to consider in connection with the issue or matter for which the
2 Confidential Information is submitted.

3     7.    The designation of information or material as "Confidential" or 'Confidential —
4 Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner
5 by the party or non-party seeking protection:

6     a)    in the case of documents, exhibits, briefs, memoranda, interrogatory
7 responses, responses to requests for admission, or other materials (apart from depositions or other
8 pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "CONFIIDENTIAL —
9 ATTORNEYS' EYES ONLY," as appropriate, to any document containing any confidential
10 information or material at the time such documents are produced or such information is disclosed,
11 or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential
12 nature of the information or material disclosed and sought to be protected hereunder, and

13     b)    in the case of depositions or other pretrial testimony: (i) by a statement on
14 the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript
15 or a portion thereof shall be designated as "Confidential' or Confidential — Attorneys' Eyes Only,"
16 as appropriate, hereunder, or (ii) by written notice of such designation sent by counsel to counsel
17 for all other parties within thirty (30) days after the receipt by counsel of the transcript of the
18 deposition or other pretrial proceeding. The parties shall treat all deposition and other pretrial
19 testimony as "Confidential — Attorneys' Eyes Only" hereunder until the expiration of thirty (30)
20 days after the receipt by counsel of the transcript of the deposition or other pretrial proceeding.
21 Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless
22 designated in writing as set forth above or otherwise stipulated or ordered. The parties may modify
23 this procedure for any particular deposition or proceeding through agreement on the record at such
24 deposition or proceeding or otherwise by written agreement, without further order of the Court. If
25 any document or information designated as "Confidential" or "Confidential - Attorneys' Eyes
26 Only" is used during the course of a deposition or other pretrial proceeding, that portion of the
27 deposition or pretrial proceeding record reflecting such confidential information shall be sealed and
28

**3**
**STIPULATED PROTECTIVE ORDER**

1  stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant
2  to the other terms of this Protective Order.
3        c)      The protection of Confidential Information at trial shall be subject to
4  further order of this Court.
5      8.    Information or material designated as "Confidential," or copies or extracts therefrom
6  and compilations and summaries thereof, may be disclosed, summarized, described, characterized,
7  or otherwise communicated or made available in whole or in part only to the following persons:
8        a)      parties' outside counsel of record in this action and regular and temporary
9  employees of such counsel to whom it is necessary that the information or material be shown for
10 the purposes of this litigation;
11       b)      parties and employees of the parties whose assistance is needed by counsel
12 for the purposes of this litigation, subject to and in compliance with Paragraph 11 herein;
13       c)      consultants as defined in Paragraph 10 herein and subject to and conditioned
14 upon compliance with Paragraph 11 herein;
15       d)      the Court;
16       e)      court reporters and videographers employed in connection with this action;
17       f)      graphics or design services retained by counsel for a party for purposes of
18 preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this
19 action;
20       g)      jury or trial consulting services retained by counsel for a party; and
21       h)      any other person only upon order of the Court or upon prior written consent
22 of the party producing the confidential information or material, subject to and conditioned upon
23 compliance with Paragraph 10 herein.  Within thirty days after the final settlement or termination of
24 this action, anyone receiving Designated Material must return or destroy any other party's
25 Designated Material, including all copies, extracts and summaries thereof, except that counsel for a
26 party receiving Designated Materials shall be entitled to retain privileged information and
27 documents embodying Designated Material.  If any Designated Material is returned to the parties or
28

1  to their counsel by the Clerk of the Court, such material shall also be returned or destroyed as set
2  forth above.
3      9.    Information or material designated as "Confidential - Attorneys' Eyes Only," or
4  copies or extracts therefrom and compilations and summaries thereof, may be disclosed,
5  summarized, described, characterized, or otherwise communicated or made available in whole or in
6  part only to the following persons:
7      a)    parties' outside counsel of record in this action, and regular and temporary
8  employees of such counsel to whom it is necessary that the information or material be shown for
9  the purposes of this litigation;
10      b)    consultants as defined in Paragraph 10 herein and subject to and conditioned
11  upon compliance with Paragraph 11 herein;
12      c)    the Court;
13      d)    court reporters and videographers employed in connection with this action;
14      e)    graphics or design services retained by counsel for a party for purposes of
15  preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this
16  action;
17      f)    jury or trial consulting services retained by counsel for a party;
18      g)    any other person only upon order of the Court or upon written consent of the
19  party producing the confidential information or material subject to and conditioned upon
20  compliance with Paragraph 10 herein.
21      10.    For purposes of Paragraphs 8(c) and 9(b) herein, a consultant shall be defined as a
22  person who is neither an employee of a party nor anticipated to become an employee in the near
23  future, and who is retained or employed as a bona fide consultant or expert for purposes of this
24  litigation, whether full or part time, by or at the direction of counsel for a party.
25      11.    a)    All persons described in Paragraphs 8(b), 8(f), 8(g) and 8(h) may be given
26  access to information or material designated as "Confidential", and all persons described in
27  Paragraphs 9(e), 9(f) and 9(g) may be given access to information or material designated as
28

1  "Confidential - Attorneys' Eyes Only," only on the condition that the individual or corporation first
2  confirm their understanding and agreement to abide by the terms of this Protective Order by
3  completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.  Counsel
4  obtaining such an undertaking shall promptly produce a copy to opposing counsel. This paragraph
5  shall not apply to persons who are given access to information that has been designated as
6  "Confidential" or "Confidential-Attorneys' Eyes Only" by a party or non-party with whom such
7  person is affiliated.
8              b)      All persons described in Paragraph 8(c) shall have access to information or
9  material designated "Confidential", and the persons described in Paragraph 9(b) shall have access to
10 information or material designated "Confidential- Attorneys' Eyes Only," only in accordance with
11 the following procedure. The attorney proposing to provide access to such information or material
12 shall provide to the attorneys of record for the other party the curriculum vitae of such person, and a
13 copy of an undertaking in the form attached hereto as **Exhibit A** signed by such person. Unless the
14 attorneys of record for the party receiving the identification of the person proposed to be designated
15 pursuant to Paragraphs 8(c) or 9(b) notify the proposing attorneys in writing of an objection to the
16 person within seven (7) days after receipt of notification, such designated person shall thereafter be
17 deemed qualified to receive information designated "Confidential" (if designated under Paragraph
18 8(c)) or "Confidential- Attorneys' Eyes Only" (if designated under Paragraph 9(b)). Any objection
19 to a designated person must be in good faith and reasonably necessary to the protection of a
20 legitimate business interest of the objecting party, and the reasons for it shall be stated in writing.
21 Following the assertion of an objection, if the parties are unable to resolve their dispute in good
22 faith, the party to whom the objection has been made shall so advise the objecting party in writing.
23 The objecting party must then seek relief from the Court within a period of ten (10) days from its
24 receipt of the letter advising that the parties have been unable to resolve their dispute.  If the
25 objecting party fails to seek relief from the court within ten (10) days from receipt of the letter, the
26 objection shall be deemed withdrawn.  In the event of any such objection, there shall be no
27 disclosure of "Confidential" or "Confidential- Attorneys' Eyes Only" information to such person,
28

**6**
**STIPULATED PROTECTIVE ORDER**

1    except by further order of the Court. This paragraph shall not apply to consultants who are proposed
2    to be given access to information that has been designated as "Confidential" or "Confidential-
3    Attorneys' Eyes Only" by the party who has retained that consultant.
4         12.    Any witness may be examined at trial or during a deposition or other proceeding
5    concerning any Confidential Information which that person had lawfully received or authored prior
6    to and apart from this action. During examination, any witness may be shown Confidential
7    Information if, from the face of the document or from other documents or testimony, it appears that
8    the witness lawfully received or authored such Confidential Information prior to and apart from this
9    action, or such Confidential Information was lawfully communicated to that witness prior to and
10   apart from this action, provided that prior to the witness testifying as to the Confidential
11   Information the examining party makes a reasonable effort to obtain the witness' compliance with
12   paragraph 10.
13        13.    A party may challenge the other party's designation of information or materials
14   produced herein as "Confidential" or "Confidential - Attorneys' Eyes Only" by serving a written
15   objection upon the producing party. The producing party shall notify the challenging party in
16   writing of the bases for the asserted designation within fifteen (15) days after receiving any written
17   objection. The parties shall confer in good faith as to the validity of the designation within fifteen
18   (15) days after the challenging party has received the notice of the bases for the asserted
19   designation. To the extent the parties are unable to reach an agreement as to the designation, the
20   challenging party may make an appropriate application to this Court within fifteen (15) days after
21   conferring with the producing party, or if no conferring takes place during the fifteen-day meet and
22   confer period (such as a failure by the producing party to respond to the challenging party's request
23   to meet and confer) then, in such case, within fifteen (15) days of the expiration of the fifteen-day
24   meet and confer period the application may be made, with confidential portions thereof to be kept
25   under seal, requesting that specifically identified documents, information, and/or deposition
26   testimony be excluded from the provisions of this Protective Order or downgraded in terms of the
27   degree of protection provided. In any such proceeding, the producing party shall bear the burden of
28

**7**
**STIPULATED PROTECTIVE ORDER**

1 demonstrating that the disputed confidential designations are legally warranted. Failure to make an
2 application within the period prescribed in this paragraph shall constitute a waiver of the objection.
3 Until a dispute over the asserted designation is finally resolved by the parties or the Court, all
4 parties and persons shall treat the information or materials in question as designated as
5 "Confidential" or "Confidential- Attorneys' Eyes Only."  The prevailing party in any motion or
6 application to challenge or support such a designation shall be entitled to attorney fees in the
7 discretion of the Court provided that the losing party has acted without substantial justification.
8        14.     All "Confidential" or "Confidential- Attorneys' Eyes Only" information and
9 material covered by this Protective Order shall be kept in secure facilities, and access to those
10 facilities shall be permitted only to those designated persons set forth in Paragraphs 8 and 9 as
11 persons properly having access thereto.
12        15.     All counsel for the parties who have access to information or material designated as
13 "Confidential" or "Confidential- Attorneys' Eyes Only" under this Protective Order, and all persons
14 who execute **Exhibit "A"** to this Protective Order, acknowledge they are bound by this Order and
15 submit to the jurisdiction of this Court for purposes of enforcing this Order.
16        16.     Entering into or agreeing to this Protective Order, and/or producing or receiving
17 information or material designated as "Confidential" or "Confidential- Attorneys' Eyes Only," or
18 otherwise complying with the terms of this Protective Order, shall not:
19            a)      operate as an admission by any party that any particular information or
20 material designated as "Confidential" or" Confidential- Attorneys' Eyes Only" contains or reflects
21 trade secrets, proprietary or commercially sensitive information, or any other type of confidential
22 information;
23            b)      operate as an admission by any party that the restrictions and procedures set
24 forth herein constitute or do not constitute adequate protection for any particular information
25 deemed by any party to be "Confidential" or "Confidential- Attorneys' Eyes Only;"
26            c)      prejudice in any way the rights of the parties to object to the production of
27 documents they consider not subject to discovery;
28

**8**
**STIPULATED PROTECTIVE ORDER**

        d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

        e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

        f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

        g) prejudice in any way the rights of a party to make a separate application to the Court that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Confidential- Attorneys' Eyes Only" information or materials itemized in Paragraph 3 above, should be properly designated "Confidential- Attorneys' Eyes Only;"

        h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

        i) limit a party's ability to grant non-parties access to its own documents and/or information. An individual or corporate party to the above-captioned action, and any third party deponent who is not an expert witness or consultant, may only have access to the information or material produced by that individual or corporation, and shall not be given access to any other confidential information or material designated as "Confidential Attorneys' Eyes Only" produced by another individual or corporation.

    17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or material designated as "Confidential" or "Confidential- Attorneys' Eyes Only' obtained lawfully by such party independently of any proceedings in this action, or which:

a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

b) is or becomes publicly known through no fault or act of such party; or

c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

d) Notwithstanding this provision, no party to this action (without agreement of the parties or Order of the Court) shall be permitted access to any information or documents designated "Confidential" or "Confidential-Attorney's Eyes Only" based on its claim that the opposing party's designated information or documents were "stolen" or "misappropriated" or rightfully belong to that party wishing such access.

18. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order, If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

19. If a party inadvertently produces "Confidential," or "Confidential- Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears froth the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good- faith to obtain all copies of the document which it

1 distributed or disclosed to persons not authorized to access such information by Paragraphs 8 or 9
2 above, as well as any copies made by such persons.
3      20.     The terms of this Protective Order shall apply to all manner and means of discovery,
4 including entry onto land or premises, and inspection of books, records, documents, and tangible
5 things.
6      21.     It is the present intention of the parties that the provisions of this Protective Order
7 shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of
8 the parties hereto shall be entitled to seek modification of this Protective Order by application to the
9 Court on notice to the other party hereto for good cause.  The prevailing party in any motion to
10 modify this Order shall be entitled to attorney fees in the discretion of the Court provided that the
11 losing party has acted without substantial justification.
12      22.     The parties agree to be bound by the terms of this Protective Order pending its entry
13 by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and
14 any violation of its terms shall be subject to the same sanctions and penalties as if the Protective
15 Order had been entered by the Court.
16      23.     The provisions of this Protective Order shall, absent written permission of the
17 producing party or further order of the Court, continue to be binding throughout and after the
18 conclusion of this action, including without limitation any appeals therefrom. Within sixty (60)
19 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this
20 action, including any appeals therefrom, all persons having received information or material
21 designated as "Confidential" or "Confidential- Attorneys' Eyes Only" hereunder shall return such
22 material and all copies thereof (including summaries and excerpts) to counsel for the producing
23 party, or shall certify destruction thereof. Counsel described in paragraphs 8(a) and 9(a), above,
24 shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product
25 (including court papers, transcripts, and attorney work product that contain information or material
26 designated as "Confidential" or "Confidential- Attorneys' Eyes Only") provided that such counsel,
27 and employees of such counsel, shall not disclose any such information and material designated as
28

**11**
**STIPULATED PROTECTIVE ORDER**

1  "Confidential" or "Confidential- Attorneys' Eyes Only" contained in such court papers, transcripts,
2  or attorney work product to any person or entity except pursuant to court order or a written
3  agreement with the producing party of the information or material. All materials returned to the
4  parties or counsel by the Court likewise shall be disposed of in accordance with this paragraph.
5      24.    In the event that any information or material designated as "Confidential" or
6  "Confidential- Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or
7  any appeal therefrom, such information or material shall not lose its status as "Confidential" or
8  "Confidential- Attorneys Eyes Only" through such use. Counsel for the parties shall confer on such
9  procedures as are necessary to protect the confidentiality of any documents, information and
10 transcripts used in the course of any court proceedings, and shall incorporate such procedures, as
11 appropriate, in the pre-trial order.
12     25.    If any party:
13     a)    is subpoenaed in another action,
14     b)    is served with a demand in another action to which it is a party, or
15     c)    is served with any other legal process by one not a party to this action,
16 seeking information or material which was produced or designated as "Confidential" or
17 "Confidential- Attorneys' Eyes Only" by someone other than that party, the party shall give prompt
18 written notice, by hand or facsimile transmission, within five (5) days of receipt of such subpoena,
19 demand or legal process, to those who produced or designated the information or material marked
20 as "Confidential" or "Confidential- Attorneys' Eyes Only" and shall object to its production to the
21 extent permitted by law. Should the person seeking access to the information or material take action
22 against the party or anyone else covered by this Protective Order to enforce such a subpoena,
23 demand, or other legal process, the party shall respond by setting forth the existence of this
24 Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered
25 by this Protective Order to challenge or appeal any order requiring production of information or
26 material covered by this Protective order, or to subject itself to any penalties for noncompliance
27 with any legal process or order, or to seek any relief from this Court.
28

**12**
**STIPULATED PROTECTIVE ORDER**

1    26.    No party may pursuant to this order designate as confidential information or
2 materials:
3        a)    which constitute public records; and
4        b)    which was obtained from third parties who owed no duty of confidentiality to
5 the receiving or producing parties.

7 **IT IS SO STIPULATED.**
8 **DATED: December 14, 2011**            **WANG, HARTMANN, GIBBS & CAULEY**

10                                   By: /s/ John D. van Loben Sels
11                                       John D. van Loben Sels
                                         Kenneth A. Ohashi
12                                       *Attorneys for Sixxon Precision Machinery Co., Ltd.*

14 **DATED: December 14, 2011**            **LAW OFFICES OF MICHAEL G. ACKERMAN**

16                                   By: /s/ Michael G. Ackerman
17                                       Michael G. Ackerman
                                         *Attorney for Mechanical Marketing, Inc.,*
18                                       *Arnold Dolgins, and Carol Dolgins*

20 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23 **DATED:**  12/20/2011        *[signature]*
24                                   MAGISTRATE JUDGE

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he or she has read and is familiar with the attached Stipulated Protective Order entered in the action *Mechanical Marketing, Inc. v. Sixxon Precision Machinery, Co., Ltd.*, currently pending in the United States District Court for Northern District of California, and understands the terms thereof and agrees to be bound by such terms.

DATED: _____   _____
                                              Signature

                                              _____
                                              (Type or Print Name of Individual)

**IT IS SO STIPULATED.**

**DATED: December 14, 2011**   WANG, HARTMANN, GIBBS & CAULEY

By: /s/ John D. van Loben Sels

John D. van Loben Sels
Kenneth A. Ohashi
*Attorneys for Sixxon Precision Machinery Co., Ltd.*

**DATED: December 14, 2011**   LAW OFFICES OF MICHAEL G. ACKERMAN

By: /s/ Michael G. Ackerman

Michael G. Ackerman
*Attorney for Mechanical Marketing, Inc.,
Arnold Dolgins, and Carol Dolgins*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**DATED:**

MAGISTRATE JUDGE

1
2      **<u>CERTIFICATE OF SERVICE</u>**
3
4          Pursuant to Civil L.R. 5-6, the undersigned hereby certifies that all counsel of record who
5      are deemed to have consented to electronic service are being served with a copy of this document
6      via the Court's CM/ECF system on December 15, 2011.
7
8          /s/ John D. van Loben Sels
9          John D. van Loben Sels