United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., | CASE NO. 5:11-cv-01844 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| SIXXON PRECISION MACHINERY CO., LTD., TAIWAN, | |
| | [Docket Item No. 57] |
| Defendant(s). | |

Plaintiff Mechanical Marketing, Inc. ("Mechanical") brings the instant contract-related action against Defendant Sixxon Precision Machinery Co., Ltd., Taiwan ("Sixxon"), originally for claims of breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Independent Wholesale Sales Representatives Contractual Relations Act ("IWSR Act"), California Civil Code § 1738.11 et. seq. Mechanical presently seeks an order allowing it to file a First Amended Complaint ("FAC") which removes the IWSR Act claim and adds a common law claim for fraud. See Docket Item No. 57. Sixxon opposes the motion.

Federal jurisdiction arises under 28 U.S.C. § 1332. Having reviewed this matter in its entirety, the court has determined it suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for March 2, 2012, will therefore be vacated and Mechanical's Motion granted for the reasons explained below.

## I. LEGAL STANDARD

Leave to amend is ordinarily granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

In assessing the futility of an amendment, "a court typically applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)." Stonebrae, L.P. v. Toll Bros., Inc., No. C-08-0221 EMC, 2010 WL 114010, 2010 U.S. Dist. LEXIS 1199, at *3 (N.D. Cal. Jan. 7, 2010) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997)). To survive a 12(b)(6) dismissal motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

## II. DISCUSSION

### A. The IWSR Act Claim

Sixxon *does not* necessarily oppose the amendment removing the IWSR Act claim but requests that such claim be dismissed with prejudice and that costs be imposed on Mechanical because the claim was brought in bad faith. According to Sixxon, Mechanical did not conduct a reasonable pre-suit investigation before deciding to pursue the IWSR Act claim and continued to pursue it until Sixxon presented Mechanical with research questioning its applicability to this case. For its part, Mechanical explains that it decided to no longer pursue the IWSR Act claim after consulting with three attorneys experienced and knowledgeable in this area.[1]

The court disagrees with Sixxon that Mechanical's request to remove the IWSR Act claim constitutes bad faith such that the claim should be dismissed with prejudice or that Sixxon should receive a costs award. Under either party's recitation of the reasons for amendment, Mechanical's request to drop a claim it now understands may not ultimately be supported by law or fact is completely appropriate, especially when the request to amend is brought within the time allowed by the court's scheduling order. See Docket Item No. 48. Doing so saves the parties time and further expense and works to streamline the case for all involved, including the court. As presented, the inference that Mechanical included the IWSR Act claim with an intentional disregard for its actual merit is unconvincing.

In addition, the court cannot discern any legal basis to dismiss the claim with prejudice. Indeed, this is a motion to amend under Federal Rule of Civil Procedure 15, not a request for dismissal under Federal Rule of Civil Procedure 41. Notably, Sixxon has not provided any authority to support such a dismissal in this context. Moreover, the court finds no reason to impose an unidentified amount costs on Mechanical. Any costs incurred by Sixxon are simply part of the normal litigation process, even if they were or will be incurred as a direct result of the presence or

---

[1] The parties agree that whether Mechanical qualifies as a "wholesale sales representative" within the meaning of California Civil Code § 1738.12(e) would need to be determined by the court if Mechanical continued to pursue a claim under the IWSR Act. Mechanical represents that this portion of the statute has yet to be interpreted by a California court, and there is a dearth of law from other courts on that issue.

subsequent absence of the IWSR Act claim.  See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (declining to find prejudice sufficient deny a request to amend from costs incurred before the proposed amendment or from the possibility of subsequent costs without evidence the moving party sought to amend for that purpose).

Accordingly, Mechanical's request to exclude the IWSR Act claim from an amended complaint will be granted.

### B. The Fraud Claim

Sixxon *does* oppose Mechanical's request to raise a new claim for fraud-based concealment, arguing that such claim is untimely and futile as insufficiently plead.

With regard to the timing of this amendment, the court does not find undue delay here. While the court does note that the original complaint was filed nearly one ago and also questions Mechanical's explanation - or lack thereof - as to why it did not bring this claim originally, these observations do not outweigh the fact that this case remains at the early stages of litigation. Pursuant to the current scheduling order, the parties are still engaged in discovery and will be for months. Pretrial and trial dates have not yet been set, and summary judgment motions have not been heard.  As such, Sixxon still has sufficient time to explore the merits of this claim, raise appropriate defenses and file whatever responsive motions it deems appropriate.  If it comes to pass that more time is necessary, Sixxon can request an extension of deadlines which the court will consider in light of the timing of the amendment.  For these reasons, any minimal prejudice to Sixxon that can be attributed to the addition of this claim is overcome by the "extreme liberality" with which the court must examine a request to amend.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Texaco, Inc. v. Ponsoldt, 939 F.2d 794 (9th Cir. 1991), which Sixxon offers to demonstrate unreasonable delay here, is distinguishable.[2]

---

[2] In contrast to the factual scenario presented here, plaintiff in Texaco did not move to amend a complaint in one case until "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and did not move in another case "until after discovery was over, just four and a half months before the trial date . . . ." 939 F.2d at 798-99.  Upon affirming the district court's decision to deny plaintiff's motion for leave to amend, the Ninth Circuit determined that defendant "would have been unreasonably prejudiced by the addition of numerous new claims so close to trial . . . ." Id. at 799.

1    Futility is likewise not apparent here. In California, the elements of fraud are: (1)
2 misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance (4) justifiable
3 reliance; and (5) resulting damage. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974
4 (1997). Although the court looks to state law to determine if the elements of fraud have been
5 properly pleaded, a plaintiff must still meet the federal standard to plead fraud with particularity as
6 established by Federal Rule of Civil Procedure 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120,
7 1125 (9th Cir. 2009). The allegations must be "specific enough to give defendants notice of the
8 particular misconduct which is alleged to constitute the fraud charged so that they can defend against
9 the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d
10 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place,
11 and specific content of the false representations as well as the identities of the parties to the
12 misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).
13    Looking at the proposed Amended Complaint, the court finds the allegations sufficient to
14 meet the Rule 9 pleading standard. Mechanical alleges that, over a five year period, Sixxon diverted
15 business from Mechanical by contacting potential clients to solicit sales while at the same time
16 representing to Mechanical that it was not doing business with specific customers. See FAC, Docket
17 Item No. 57, Ex. A, at ¶ 19. Sixxon concealed this practice from Mechanical while at the same time
18 Mechanical relied on Sixxon's representations that it was either not interested in doing business with
19 particular companies or could not agree to an acceptable price. See id., at ¶¶ 19, 21. Mechanical
20 was not made aware of Sixxon's alleged concealment until it received information from two
21 specifically-named customers in or about June, 2010. See id. at ¶ 20. Mechanical lost commissions
22 as a result. See id., at ¶ 21.
23    The court cannot discern undue prejudice to Sixxon from either the timing of the proposed
24 fraud claim or the content of the allegations. Thus, Mechanical's request to add this claim will also
25 be granted.

### III.   ORDER

27    Based on the foregoing, Mechanical's Motion to for Leave to File a First Amended
28 Complaint is GRANTED. Mechanical shall file the FAC as a separate docket entry on ECF/PACER

5
Case No. 5:11-cv-01844 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

forthwith.

The hearing scheduled for March 2, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: February 29, 2012

_____
EDWARD J. DAVILA
United States District Judge