UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., | Case No.: C 11-01844 EJD (PSG) |
| Plaintiff, | **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL; ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| SIXXON PRECISION MARKETING MACHINERY CO. LTD., TAIWAN, | |
| Defendant. | **(Re: Docket Nos. 74, 84)** |

Plaintiff Mechanical Marketing, Inc. ("MMI") moves to compel the deposition of Defendant Sixxon Precision Marketing Machinery Co. Ltd., Taiwan's ("Sixxon") Rule 30(b)(6) designee in California. MMI also moves to compel production of documents. Sixxon opposes the motion and, for its part, moves for protective order. On August 21, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that MMI's motion to compel is GRANTED-IN-PART and Sixxon's motion for protective order is GRANTED.

Sixxon manufactures machine parts, dye castings, stampings and other similar products and is located in Taiwan. It is part of a larger group of companies known as Sixxon Global ("SG"). MMI is a sales representative firm located in northern California. In 1998, Arnold Dolgins, a principal at MMI, and Billy Lin, Sixxon's then-Chairman, orally agreed that MMI would become a

1
Case No.: C 11-01844 EJD (PSG)
ORDER

sales representative for Sixxon products in the United States. MMI would be paid a commission on any sales procured regardless of the particular SG company that completed the customer order. In 2005, the parties' orally amended their agreement so that MMI would become the exclusive sales representative of Sixxon products. In 2010, Billy Lin's son, Eddy Lin, succeeded him as chairman of Sixxon and advised Sixxon customers to place their orders directly with Sixxon. On October 31, 2010, the parties terminated their agreement. MMI filed suit against Sixxon alleging that Sixxon failed to pay MMI commissions on any orders it had procured.

On February 24, 2012, MMI deposed Eddy Lin in his individual capacity at offices located in Mountain View, California. On April 27, 2012, MMI noticed another deposition to take place in California, this time a Rule 30(b)(6) deposition of Sixxon's corporate designees on the following topics:

- The terms of the oral contract that Sixxon, in paragraph 10 of its counter claim alleges was entered into around December 2005;

- Any and all modifications of the verbal agreement made orally or in writing around February 2009;

- Preparation of the "Company Profile" sales presentation ("sales presentation");

- Any and all financial records relied upon to prepare the page of the sales presentation entitled, "Sales Amount—Sixxon Global Group";

- Any and all records relied upon to prepare the page of the sales presentation entitled, "General Information – Sixxon/Global."

The deposition notice also sought production of the following documents:

- Any and all financial records, reports or any other form of writing, including but not limited to data stored electronically, emails, or any other form of recording information or a communication, that were relied upon or referred to in preparing the sales presentation.

MMI contends that Sixxon's corporate designees should testify in California, and not in Taiwan, because counsel for both parties are located in California and in the event they need to reach the court to resolve any disputed matters, it too, is located in California. Sixxon has represented thus far that only Eddy Lin will be designated as a Rule 30(b)(6) witness. MMI argues

2
Case No.: C 11-01844 EJD (PSG)
ORDER

that based on Eddy Lin's prior deposition testimony, he will not be able to testify about all of the categories identified in the Rule 30(b)(6) deposition notice because he has demonstrated a lack of knowledge about who prepared the sales presentation and the financial documents used to prepare it. Moreover, Eddy Lin was not employed by the company in 2005 when the parties entered into their agreement.

Sixxon responds that the Rule 30(b)(6) deposition should occur in Taiwan because Sixxon is incorporated and located in Taiwan. Its corporate designees, including Eddy Lin, are all located in Taiwan and Sixxon will be unduly burdened if they are required to travel and testify in California. MMI has not shown grounds to depart from the "general rule" that Rule 30(b)(6) depositions occur where the corporation is located.[1]

The court agrees with Sixxon, at least in part. While MMI highlights certain facts that would justify departing from the general rule, the court is persuaded that on balance, a deposition in the defendant's corporate locale remains the most appropriate option. The parties shall meet and confer regarding the specific location in Taiwan for the deposition. Sixxon is reminded that it "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed."[2] To the extent any witness is not sufficiently prepared, the court will not hesitate to order a further deposition, in California, at Sixxon's expense. Sixxon also shall produce all responsive documents that are in its possession, custody, or control. These include any documents Sixxon relied upon in producing the sales presentation, which MMI has shown Sixxon has control over. All discovery required by this order shall be completed no later than September 12, 2012.

---

[1] *See, e.g., Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 483 (10th Cir. 1995) (holding that a deposition of a corporation by its officers and agents should ordinarily be taken at its principal place of business) (internal citations omitted); and *Fausto v. Credigy Services Corp.,* 251 F.R.D. 427, 429 (N.D. Cal. 2008) (noting the general presumption that a corporate designee is deposed at the corporation's principal place of business).

[2] *See, e.g., In re JDS Uniphase Corp. Sec. Litig.,* No. C-02-1486 CW (EDL), 2007 WL 219857 (N.D. Cal. Jan. 29, 2007).

3

Case No.: C 11-01844 EJD (PSG)
ORDER

**IT IS SO ORDERED.**

Dated: 8/29/2012

_____
PAUL S. GREWAL
United States Magistrate Judge