**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., | Case No.: 5:11-CV-01844 EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SIXXON PRECISION MACHINERY CO., ITD., TAIWAN, | |
| Defendant. | **[Re: Docket No. 103]** |

Plaintiff Mechanical Marketing, Inc. ("Plaintiff" or "MMI") brings the instant contract-related action against Defendant Sixxon Precision Machinery Co., Ltd., Taiwan ("Defendant" or "Sixxon"). Presently before the Court is Defendant's Motion for Summary Judgment on its counterclaim. See Docket Item No. 103. The Court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the corresponding hearing date accordingly. Having fully reviewed the parties' papers, the Court will deny Defendant's Motion for Summary Judgment for the reasons explained below.

**I.   Background**

On November 9, 2010, Plaintiff filed the instant action in Santa Cruz County Superior Court. See Notice of Removal, Docket Item No. 1. In addition to several breach of contract–related claims, Plaintiff asserted a cause of action alleging that Defendant had violated California's Independent Wholesale Sales Representatives Contractual Relations Act ("IWSR Act"), California

Civil Code § 1738.11 et. seq. On April 15, 2011, Defendant removed the action to this Court on the basis that the Court has original jurisdiction under 28 U.S.C § 1332 based on diversity of citizenship of the parties.[1] On October 20, 2011, Defendant filed its Answer and Counterclaim to Plaintiff's Complaint which included a counterclaim for a declaratory judgment that Defendant did not violate the IWSR Act. See Docket Item No. 43.

In an Order dated February 29, 2012, the Court granted Plaintiff's Motion for Leave to File a First Amended Complaint. See Docket Item No. 64. On March 9, 2012, Plaintiff filed its First Amended Complaint; this complaint alleged only breach of contract–related claims and not the IWSR Act violation claim. See Docket Item No. 65. Defendant's Answer and Counterclaims to Plaintiff's First Amended Complaint, filed March 27, 2012, nevertheless contained the same declaratory judgment counterclaim related to the IWSR Act. See Docket Item No. 66. On October 8, 2012, Defendant filed the present motion seeking summary judgment on its declaratory judgment counterclaim. See Docket Item No. 103.

**II.   Discussion**

Article III of the United States Constitution restricts federal courts to decide only "cases" or "controversies." U.S. Const. art. III, § 2. While the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," such power is limited to "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201. In deciding if the case or controversy requirement is satisfied, a court must look to "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quotation omitted). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–41 (1937);

---

[1] Plaintiff is a California corporation with its principal place of business in California; Defendant is an entity incorporated and with its principal place of business in Taiwan. Notice of Removal ¶¶ 2–4. The amount in controversy exceeds $75,000. Id. ¶ 1.

2

Case No.: 5:11-CV-01844 EJD
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1  see also Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("[A] case or
2  controversy must be based on a real and immediate injury or threat of future injury that is caused
3  by the defendants—an objective standard that cannot be met by a purely subjective or speculative
4  fear of future harm.").

5        Defendant contends that there is a case or controversy as to whether Defendant violated the
6  IWSR Act. Defendant's basis for declaratory judgment and Article III jurisdiction alleged in the
7  counterclaim is the following: "[T]he controversy is ripe because not only has [Plaintiff] threatened
8  to bring a claim under the IWSR Act, it has already done so." Def.'s Reply in Supp. of Mot. for
9  Summ. J. 3. While it is true that Plaintiff had brought the ISRW Act claim in its original complaint,
10 Plaintiff has voluntarily dismissed that claim without prejudice. See Order Granting Pl.'s Mot. for
11 Leave to File First Am. Compl., Docket Item No. 64 (granting Plaintiff's request to amend its
12 complaint so as to drop the claim of an ISRW Act violation); First Am. Compl.; Pl.'s Answer to
13 Def.'s First Am. Countercl. ¶ 18, Docket Item No. 68. Defendant's contention is that Plaintiff may
14 or may not bring such a claim in the future. This fails to establish with certainty that there will arise
15 a dispute over an ISRW Act violation. The Court also notes that Defendant has provided
16 insufficient evidence to support its assertion that Plaintiff has threatened to bring an IWSR Act
17 claim. Accordingly, Defendant's counterclaim does not present a case or controversy of "sufficient
18 immediacy and reality" so as to warrant the issuance of a declaratory judgment. MedImmune, Inc.
19 549 U.S. at 127.

### III. Order

Based on the foregoing, Defendant's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

Dated: January 31, 2013



EDWARD J. DAVILA
United States District Judge

3

Case No.: 5:11-CV-01844 EJD
ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT