UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MECHANICAL MARKETING, INC., a California corporation,<br><br>               Plaintiff,<br>v.<br><br>SIXXON PRECISION MACHINERY CO., Ltd., TAIWAN<br><br>               Defendant. | Case No.: C 11-1844 EJD (PSG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**(Re: Docket No. 113)** |

This is a breach of contract dispute between two commercial entities. Plaintiff Mechanical Marketing, Inc. ("MMI") moves for sanctions under Rule 37. Defendant Sixxon Precision Machinery Co., Ltd., Taiwan ("Sixxon Taiwan") opposes. On February 5, 2013 the parties appeared for oral argument. Having reviewed the papers and considered the arguments of counsel, the court DENIES MMI's motion.

## I. BACKGROUND

MMI acted as a commissioned sales representative to sell products for Sixxon Taiwan. On November 9, 2010, MMI filed suit against Sixxon Taiwan, asserting breach of contract. MMI alleges that Sixxon Taiwan avoided paying sales commissions due to MMI by conducting business as another entity, "Sixxon Global Group," to fulfill sales that were procured by MMI.

1

Case No.: C 11-1844 EJD (PSG)
ORDER

On August 29, 2012, the court ordered Sixxon Taiwan to provide a witness for the Rule 30(b)(6) deposition.[1] The court also required Sixxon Taiwan to produce any documents it relied upon in preparing a sales power point presentation ("sales presentation") published by Sixxon Taiwan in 2010. The sales presentation also contains a slide with "General Information" about "Sixxon/Global," with financial data for five entities: Sixxon (Twn), Global Thaixon (Thailand), Global Pmx (Twn & China), and Sixxon Tech (China).[2] The presentation also shows a group organization of Sixxon/Global Group comprised of the above-referenced five entities, with Billy Lin as CEO and Chairman.[3]

MMI noticed a 30(b)(6) deposition of Sixxon Taiwan for October 28, 2012. Sixxon Taiwan provided its President, Eddy Lin, as its 30(b)(6) witness. MMI questioned Eddy Lin about the sales presentation and the involvement of a woman named "Ann" in the preparation of that presentation.[4] Eddy Lin responded that he had spoken with Ann Hung ("Hung") of Sixxon Taiwan's marketing department about the sales presentation, and Hung stated she had not prepared the presentation and did not know who had. Eddy Lin also stated that they did not have any documents that were used to prepare the sales presentation.

Although not the subject of the court's August 29 order, Sixxon Taiwan also produced as a deposition witness Billy Lin, President and Chairman of the Board of Sixxon Taiwan until 2009. Billy Lin had suffered a stroke some time before the deposition.

MMI now moves for sanctions based on the depositions of Eddy Lin and Billy Lin. MMI also alleges that Sixxon Taiwan willfully suppressed evidence of the documents used to prepare the sales presentation and obstructed the deposition of Billy Lin. MMI requests that the court grant the

---

[1] *See* Docket No. 97.

[2] Docket No. 125, Ex. A.

[3] *Id.*

[4] Docket No. 141 at 16:6-20; 17:16-19:6; 21:5-22:5; 25:11-27:13; 44:25-45:26.

2
Case No.: C 11-1844 EJD (PSG)
ORDER

following relief as sanctions: "That Sixxon [] be held to have done business through the related entities of the 'Sixxon Global Group' including the following: Global Tek Co., Ltd., Global PMX Co., Ltd., Sixxon Tech. (Kurshan) Co., Ltd., Global Thaixon Precision Industry Co. Ltd.[,] and Seamax Manufacturing PTE, Ltd."; that MMI is entitled to 2% commission of all sales made by any of these entities to customers of MMI, directly or through a sub-contractor; and that Sixxon Taiwan is precluded from denying that it does business through these entities.[5]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i), the court may in its discretion sanction a party for failing "to obey an order to provide or permit discovery" by "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action."

A terminating sanction is considered "very severe" and should only be imposed if the party acted with "willfulness, bad faith, and fault."[6] The court should consider the following five factors in determining whether a terminating sanction should be imposed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[7]

Federal Rule of Civil Procedure 30(d)(2) allows the court to impose a sanction (including reasonable attorney's fees and expenses) on "a person who impedes, delays, or frustrates the fair examination of the deponent."

---

[5] Docket No. 115 at 14-15.

[6] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007)

[7] *Id.*

3

Case No.: C 11-1844 EJD (PSG)
ORDER

## III.   DISCUSSION

### A. Evidence of the sales presentation

MMI argues that Sixxon Taiwan willfully failed to provide documents that Sixxon Taiwan relied upon in preparing the sales presentation. Sixxon Taiwan states it provided all responsive documents in its possession, emphasizing that Eddy Lin and Hung stated in depositions and declarations that they did not have any financial documents related to the other entities.

MMI alleges the email chain between "Ann" and Carol Dolgins establishes that such documentation exists. The email chain discusses "updates" to the "power point presentation." Carol Dolgins asks Ann, "Do you have a new machinery list and a new financial list?"[8] However, the email chain fails to establish conclusively that Sixxon Taiwan is currently in possession of such a document. The current litigation began in 2011, a year after the presentation was purportedly made. Contrary to MMI's argument, Sixxon Taiwan could very well have lost or deleted any documentation relied on to produce the presentation. Hung also has confirmed under oath that she has searched for the financial data and could not find it.[9]

Moreover, Sixxon Taiwan did provide financial data related to Sixxon Taiwan. Sixxon Taiwan has stated that it does not maintain financial data for the other corporations, and no longer has the information it received to prepare the presentation.[10] To the extent that MMI desired broad financial documentation relating to the companies alleged to comprise Sixxon Global, MMI could have sought this information from the companies themselves. But MMI chose to sue Sixxon Taiwan only and seek financial data regarding the other companies from Sixxon Taiwan. The

---

[8] Docket No. 86.

[9] *See* Docket No. 126.

[10] *See id.*

4

Case No.: C 11-1844 EJD (PSG)
ORDER

court is not prepared to say that Sixxon Taiwan acted with "willfulness, bad faith, and fault" and that terminating sanctions are warranted.[11]

### B. Depositions of Billy Lin and Eddy Lin

MMI argues that Eddy Lin was not properly prepared for the deposition and Sixxon Taiwan's counsel intentionally produced Billy Lin knowing he would not be able to provide adequate testimony.

The court's August 29 order required that Sixxon Taiwan provide a 30(b)(6) witness. The order also made clear that Sixxon Taiwan "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed."[12]

MMI alleges Eddy Lin was not adequately prepared on the deposition topics. Deposition topic five required Eddy Lin to be familiar with "any and all records relied upon to prepare the page of the sales presentation entitled "General Information – Sixxon/Global." Eddy Lin claimed he asked Hung about the presentation; she told him that she had not produced the presentation and she did not know who did. Eddy Lin then asked the marketing department who had made the presentation, and received the response that no one knew who made it.

Eddy Lin's inquiry was reasonable. He asked Hung specifically and inquired in the marketing department generally. He answered the questions regarding the presentation to the extent of his knowledge. MMI could have propounded interrogatories on the subject or noticed the deposition of Hung in her individual capacity, but it chose not to do so.

The court also sees no misconduct regarding the deposition of Billy Lin. The parties were mutually aware that Billy Lin had suffered a stroke prior to the deposition. In fact, MMI's own

---

[11] *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1096.

[12] Docket No. 97.

5

Case No.: C 11-1844 EJD (PSG)
ORDER

counsel stated prior to noticing Billy Lin's individual deposition that "[i]t is our information that Billy Lin suffered a stroke, and, as a result, he is incapable of remembering past events with any accuracy or to hold [sic] an intelligent conversation."[13] MMI's counsel clearly contemplated the possibility that Billy Lin would not be able to provide the answers that MMI desired. Moreover, the court fails to see how withholding such information would justify the harsh sanctions proposed by MMI.

MMI also argues that Sixxon Taiwan's counsel improperly asked Billy Lin leading questions and improperly objected. Upon review of the deposition transcript, the court finds that Sixxon Taiwan did not unduly obstruct the fair deposition of Billy Lin. Asking leading questions and objecting to questions, without more, cannot form the basis for the extreme discovery sanctions urged by MMI.

### C. Impropriety of imposing terminating sanctions

Adopting the sanctions proposed by MMI would be severe and disproportionate to any misconduct alleged here. As MMI itself recognizes, the sanctions would have the effect of entering partial judgment for MMI, at least on the issue of damages. The factors of favoring decisions on the merits and the availability of far less drastic sanctions weigh in favor of rejecting MMI's motion for sanctions. Regarding the alleged documents, MMI may, for example, seek a jury instruction informing the jury that they may make all adverse inferences from Sixxon Taiwan's failure to produce documents relating to the sales presentation.

### IV.  CONCLUSION

Although Sixxon Taiwan did not produce documents relevant to the court's order and Eddy Lin denied knowledge of the production of the sales presentation, MMI has not shown that these actions were taken willfully and in bad faith. Billy Lin's deposition is outside of the scope of the court's August 29 order and thus cannot provide the basis for a terminating sanction. More

---

[13] Docket No. 124, Ex. C.

6

Case No.: C 11-1844 EJD (PSG)
ORDER

fundamentally, the court finds no discovery misconduct occurred during the deposition.

Accordingly, MMI's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: April 12, 2013

*[signature]*

PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 11-1844 EJD (PSG)
ORDER